IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ricardo Hicks, ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. 8:22-cv-3788-TMC | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| Old Dominion Freight Line; John Doe; ) | | |
| Progressive Direct Insurance Co., ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

In September 2022, Plaintiff Ricardo Hicks, through counsel, brought this common law negligence action in the Newberry County Court of Common Pleas. (ECF No. 1-1). Defendants removed the action to this Court on November 1, 2022. (ECF No. 1). During the initial stages of the litigation process, Plaintiff—again, through legal counsel—participated in this action. On May 23, 2023, however, Plaintiff's counsel filed a motion to withdraw and to be relieved as counsel. (ECF No. 23). The court entered an order staying the case to allow Plaintiff to respond to the motion to withdraw or to obtain substitute counsel and warning that the court would presume Plaintiff was proceeding *pro se* if he failed to respond. (ECF No. 34). Ultimately, after receiving no response from Plaintiff, the court granted the motion to withdraw, (ECF No. 37), and, in light of Plaintiff's *pro se* status, referred the action to a magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (ECF No. 39). On December 28, 2023, the magistrate judge issued a show cause order requiring Plaintiff to demonstrate why the action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 50). Plaintiff elected not to file any response.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 54), recommending that the court dismiss this action under Rule 41(b) for failure to prosecute, *id*. at 5.  The Report was mailed to Plaintiff at his most recent address reflected in the record. (ECF Nos. 35, 56).  Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report.  Plaintiff was advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 54-1), but failed to do so, and the time has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.

2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 54), which is incorporated herein by reference. Accordingly, the court **DISMISSES** this action for failure to prosecute.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 22, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.